Filed 8/22/25  P. v. Taylor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>JOE NATHAN TAYLOR,<br><br>    Defendant and Appellant. | C102464<br><br>(Super. Ct. No. 10F05622) |

Defendant Joe Nathan Taylor appeals from a postconviction order recalling his previous sentence and resentencing him pursuant to Penal Code section 1172.75.[1] Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Although not required to

---

[1]  Further undesignated statutory references are to the Penal Code.

1

independently review the record in these circumstances (see, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 226), we have done so because defendant was not notified that his failure to file a supplemental brief may result in dismissal of the appeal.  Our discretionary review of the record reveals that the amended abstract of judgment fails to reflect fines stayed by the trial court at sentencing.  We will direct the trial court to correct this omission and forward a new amended abstract to the California Department of Corrections and Rehabilitation (CDCR).  Finding no other arguable errors favorable to defendant, we shall affirm.

## I.  BACKGROUND

In April 2012, a jury convicted defendant of possession of a sharpened instrument while a prison inmate (§ 4502, subd. (a)).  Thereafter, the trial court found true the bifurcated allegations that defendant had suffered two prior strike convictions (§ 667, subds. (b)-(i)) and a prior prison term (§ 667.5, subd. (b)).  The court sentenced defendant to 25 years to life plus one year.  Another panel of this court upheld this judgment in an unpublished decision issued in 2013.  (*People v. Taylor* (June 17, 2013, C071283) [nonpub. opn.].)

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) amended section 667.5 "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

On October 8, 2021, the Governor signed Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), which implemented a recall and resentencing procedure for individuals serving prison sentences including a section 667.5, subdivision (b) enhancement.  (*People v. Kimble* (2024) 99 Cal.App.5th 746, 751, review granted Apr. 24, 2024, S284259, holding for the lead case.)  According to that procedure, the CDCR notifies the sentencing court that a defendant is serving a sentence including a section 667.5, subdivision (b) enhancement.  (§ 1172.75, subd. (b).)  The sentencing court then

2

reviews the current judgment and verifies eligibility. (*Id*., subd. (c).) If eligible, the defendant is resentenced. (*Ibid*.)

According to this procedure, the CDCR identified defendant as eligible for resentencing. The trial court appointed counsel and briefing ensued. The People conceded defendant's prison prior qualified for relief and opposed otherwise reducing his sentence. In October 2024, the trial court struck defendant's prior term enhancement and denied defendant's request to strike his prior strike convictions. (§ 1172.75, subds. (a), (c).) Accordingly, the trial court reimposed defendant's 25 year to life sentence. The court also stayed defendant's previously imposed fines and fees. Defendant timely appealed.

## II. DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d at p. 436.) Appellate counsel wrote defendant, explaining he would be filing a no issue brief and advising defendant of his right to file a supplemental brief. It does not appear, however, that defendant was told that his failure to file an in propria persona supplemental brief would likely result in dismissal of this appeal. We have exercised our discretion to review the record in light of this omission. (See, e.g., *People v. Delgadillo, supra*, 14 Cal.5th at p. 226.) Having done so, we note that the amended abstract of judgment fails to include the $200 restitution fine and $200 suspended restitution fine imposed by the trial court at defendant's original sentencing and stayed by the court at defendant's resentencing hearing. We will direct the trial court to prepare an amended abstract of judgment that includes these stayed fines. Finding no other arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

3

### III. DISPOSITION

The trial court is directed to prepare an amended abstract of judgment reflecting the $200 restitution fine and $200 parole revocation restitution fine stayed by the trial court at defendant's resentencing hearing. The court shall prepare a certified copy of the amended abstract and provide that document to the CDCR. The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

FEINBERG, J.